FILED
APR - 8 2011
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JILL CARROLL                                               PLAINTIFF

VERSUS                              NO. 1:11CV87-MD

WEBSTER COUNTY SCHOOL DISTRICT                             DEFENDANT

JURY TRIAL DEMANDED

## COMPLAINT

This is a civil action to recover back wages, compensatory damages, and punitive damages for the Defendant's violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213. For cause Ms. Carroll shows the Court as follows:

## PARTIES

1. The Plaintiff, Jill Carroll, is an adult resident citizen of Mathiston, Mississippi.

2. The Defendant, Webster County School District, is a political subdivision of the State of Mississippi. It may be served with process by service upon its Superintendent, Jimmy Pittman, at 95 Clark Avenue, Eupora, Mississippi 39744.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of Ms. Carroll's federal claims pursuant to 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## CAUSE OF ACTION

4. Ms. Carroll was employed by the Defendant for approximately six years as an Assistant Teacher. Throughout her employment with the Defendant, Ms. Carroll was a loyal capable and conscientious employee with an exemplary work record and history of accomplishments.

5. Ms. Carroll is legally blind and is substantially limited in the major life activity of seeing. Despite her blindness, Ms. Carroll performed all of the essential functions of her job with and without the use of assistive technology. Ms. Carroll was a qualified individual with a disability.

6. In April of 2004, the assistant teachers were informed by the Superintendent, Jimmy Pittman, that they might not be offered employment for the coming year because of a budget shortfall. Mr. Pittman instructed the school principals to provide him a list of assistant teachers who would be subject to dismissal.

7. After the meeting, Ms. Carroll was informed by Pauline Neal, another assistant teacher, that she would not be offered employment because of her blindness and that she should apply for Social security Disability.

8. Concerned, Ms. Carroll spoke with her principal, Ms. Lynn Shea, about Ms. Neal's comment. Ms. Shea informed Ms. Carroll that Ms. Neal's comment was not correct.

9. In May, Ms. Carroll met with Ms. Shea to discuss whether, or not, she would be offered employment for the 2004-05 school year. Ms. Shea told Ms. Carroll that due to budget cuts, she would not be offered employment. Ms. Shea told Ms. Carroll that she was a good employee and that she received a good evaluation. Ms. Carroll signed her evaluation without reading it and returned to her classroom.

10. When Ms. Carroll read her evaluation later, she was shocked to read that Ms. Shea had written that she was concerned about Ms. Carroll's ability to supervise students due to deteriorating vision.

11. Ms. Carroll returned to Ms. Shea's office to discuss her evaluation and asked Ms. Shea if she could speak to her about the evaluation.

12. Ms. Carroll asked Ms. Shea why she had written down that she had concerns about her vision when she told me that the reason I was being let go was due to budget cuts. Ms. Shea admitted that her only problem with Ms. Carroll was her vision and that it would be in her best interest and the children's best interest if she just stepped-down. Ms. Shea further stated that Ms. Carroll should try to sign up for disability and that she had discussed the matter with the County Attorney and that he had agreed to try to help Ms. Carroll get on disability.

13. Ms. Carroll asked Ms. Shea about the comments made a month earlier by Ms. Neal regarding being let go because of her disability and Ms. Shea's denial. Ms. Shea

admitted that Ms. Neal was correct when she told Ms. Carroll that she would be let go because of her vision.

14. After Ms. Carroll's termination from employment, the Defendant received word that its funding would not be cut. The Defendant then awarded raises to more than 192 employees including thirty assistant teachers.

15. The Defendant then rehired another assistant teacher with less seniority than Ms. Carroll and never contacted or considered Ms. Carroll for the vacant assistant teacher position.

16. Ms. Carroll filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

17. The EEOC found probable cause to believe that the Defendant violated Ms. Carroll's rights under the ADA.

18. The United States Department of Justice ("DOJ") issued a Notice of Right to Sue Within 90 Days on January 7, 2011. Ms. Carroll timely filed this civil action.

19. The Defendant's actions were taken with reckless disregard to Ms. Carroll's federally protected rights,

Claim 1 (Disability Discrimination)

20. Ms. Carroll was at all times pertinent to her employment with the Defendant a qualified individual with a disability.

21. The Defendant intentionally discriminated against Ms. Carroll with respect to her terms, conditions and privileges of employment.

22. The Defendant's discrimination against Ms. Carroll was premised on her having a physical impairment which substantially limited one or more major life activities; a record of such an impairment; and/or being regarded as having such an impairment.

23. The Defendant's intentional discrimination against Ms. Carroll violated the ADA.

## AD DAMNUM

24. Ms. Carroll prays for the following relief:

    a. back pay and benefits;

    b. compensatory damages;

    c. punitive damages;

    d. reasonable attorney's fees and costs;

    e. reinstatement or in the alternative front pay;

    f. a declaration that the that the discriminatory practices of the Defendant violated the ADA.

Respectfully submitted, this the 8th day of April, 2011.

                                                                                       /s/ Victor Fleitas
                                                                                       VICTOR FLEITAS
                                                                                       MS BAR NO. 10259

Victor I. Fleitas, P.A.
P.O. Box 7117
Tupelo, MS 38802-7117
662.840.0270 (Phone)
662.840.1047 (Fax)
fleitasv@bellsouth.net (E-mail)

Attorney for Jill Carroll